## Scarlett's Estate.

*Partition—Purchase of land by widow—Act of June 1, 1907, P. L. 364—
Intestate law.*

1. Where an intestate dies leaving a widow and a brother to survive
him, and the widow in partition proceedings under the Act of June 1,
1907, P. L. 364, purchases the land she will be entitled to one-third of
the proceeds for life according to the terms of the act of 1907, and not to
one-half of the proceeds for life as provided by the intestate act. The
widow is not compelled to purchase the land, but if she does she takes
it subject to the strict terms of the act.

*Constitutional law—Special law—Change of course of descent—Act of
June 1, 1907, P. L. 364.*

2. The Act of June 1, 1907, P. L. 364, enabling a widow to bid on real
estate in partition proceedings, does not violate the constitution as being
a special law changing the course of descent and succession, and granting
to individuals special or exclusive privileges and immunities.

*Partition—Purchase of real estate by widow—Costs—Acts of April 27,
1864, P. L. 641, and June 1, 1907, P. L. 364.*

3. Where a widow purchases real estate in partition proceedings, under
the Act of June 1, 1907, P. L. 364, the costs of the proceedings are to be
deducted from the fund before it is divided between the trustee for the
widow, and the heir or heirs of the decedent. In this way the parties
bear the burden of the costs in exact proportion to their several interests
in the fund and in strict compliance with the provisions of the Act of
April 27, 1864, P. L. 641.

Argued Nov. 20, 1908. Appeal, No. 211, Oct. T., 1908, by
Ada Moore Scarlett, from decree of O. C. Chester Co., in par-
tition proceedings in Estate of Taylor Scarlett, deceased. Be-
fore RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY
and HEAD, JJ. Affirmed.

Petition for partition.

HEMPHILL, P. J., filed the following decree:

And now, October 8, 1908, the inquest heretofore awarded
to make partition of the real estate of said decedent, having
made return that the same could not be divided amongst the
parties without prejudice to or spoiling the whole, and that they
had valued the same at the sum of $7,500; subject, however, to
the lien of $4,000, and certain other rights charged on said

property by Abiah Scarlett, late of the county of Chester, deceased, under his last will and testament, duly probated and entered in the register's office of said county, in Will Book C 2, vol. 28, p. 13, in favor of his widow; which return was confirmed by this court, on June 8, 1908. And proof having been made on June 29, 1908, of the due service of a rule upon the persons interested in said real estate, to appear in court on said day and accept or refuse the same, at the appraisement, and said proof having been adjudged sufficient, Ada Moore Scarlett, widow of the said Taylor Scarlett, deceased, appeared in open court, filed her offer, in writing, to take said real estate at the sum of $8,055, subject to the said charge of $4,000, and subject also to the said rights of the widow of Abiah Scarlett, deceased, which offer or bid was $505 in excess of the valuation fixed by the inquest, and the highest and best bid offered or made for said property upon said return. The court do hereby order and adjudge the said real estate, to wit:

All that certain messuage and tract of land in New Garden township, aforesaid, on a public road leading from the State Road, and bounded by lands of Charles Chandler, John Balderson, James Alexander, Samuel Thompson, Mrs. Patrick Fahey, and public road, and containing 140 acres, more or less, to the said Ada Moore Scarlett, widow of the said decedent, her heirs and assigns, on condition that she shall enter into a recognizance in the sum of $16,110, conditioned to secure the costs and expenses of this proceeding, as follows: Charles W. Manley, clerk, costs, $14.00; R. Thomas Garrett, sheriff, costs, $39.30; A. M. Holding, attorney, services, $150, and also to secure and pay to the register of wills, collateral tax on two-thirds of the balance, $261.73; register of wills, collateral tax on the present value of the portion of the proceeds upon which the widow is entitled to interest for life, $33.03; to William H. Scarlett, brother of the decedent, two-thirds of the purchase money, after payment of costs, and of the collateral tax above mentioned, $4,938.80; to ———, trustee appointed by this court under the Act of June 1, 1908, P. L. 364, who shall give bond in double said amount, with sufficient surety, to be approved by the court, conditioned to pay annually, in lieu of dower, the interest upon

said sum to Ada Moore Scarlett, widow of said decedent, during her life, and at her death, to pay the principal thereof to William H. Scarlett, being one-third of the purchase money, less the above costs and expenses, $2,617.24.

*Error assigned* was the decree of the court.

*Alfred P. Reid,* for appellant.—If it were not for the words, "in lieu of dower," in the act there could be no question that the widow would be entitled to one-half of the purchase money for life, in the way above indicated. But the use of these words "in lieu of dower," and of a general repealing clause in the act, are supposed to cut down her interest from one-half to one-third for life in case the land is allotted to her. So construed, there would be introduced into the intestate laws, these incongruities: an act enlarging her rights so that she may take and bid at the property to protect her interest, with a penalty attached that if by chance the land is allotted to her, she is deprived of the difference of the income on one-half and on one-third of the estate for life; if the heir gets the property either by taking it at a valuation, or at his bid, or it is sold, then the widow would get the income on one-half of the estate for life. Besides, if the one-half of the real estate could be set off for the use of the widow by metes and bounds, including the mansion house in severalty, for life, without prejudice to the rest, it is obliged to do so: Poundstone v. Everly, 31 Pa. 11; Bishop's App., 7 W. & S. 251; McCall's App., 56 Pa. 363.

The word "dower" is to be construed as meaning dower at common law, and not the interest of the widow under the intestate act: Hinnershits v. Bernhard's Exrs., 13 Pa. 518; Lennig's Est., 52 Pa. 135; Gray v. McCune, 23 Pa. 447; Gourley v. Kinley, 66 Pa. 270; Bradford v. Kents, 43 Pa. 474; Leinaweaver v. Stoever, 1 W. & S. 160; Borland v. Nichols, 12 Pa. 38; Robins v. Green, 1 W. N. C. 143; Tatham v. Ramey, 82 Pa. 130; McNickle v. Henry, 8 Phila. 87; Watterson's App., 95 Pa. 312.

Any other construction of the act of 1907, would render it unconstitutional; as being a special law (a), changing the course of descent and succession; (b) and granting to individuals

special or exclusive privileges and immunities, in violation of art. III, sec. 7 of the constitution: Schmalz v. Wooley, 56 N. J. Eq. 649 (39 Atl. Repr. 539); Herbert v. Baltimore County Commissioners, 97 Md. 639 (55 Atl. Repr. 376); Blankenburg v. Black, 200 Pa. 629; Lloyd v. Smith, 176 Pa. 213; State v. Somers Point Boro., 52 N. J. L. 32 (18 Atl. Repr. 694); Ayars's App., 122 Pa. 266; Pittsburg's Petition, 32 Pa. Superior Ct. 210; Com. v. Clark, 14 Pa. Superior Ct. 435; Sewickley School Dist. v. Osborne School Dist., 6 Pa. Dist. Rep. 211; Bearce v. Fairview Twp., 9 Pa. C. C. Rep. 342.

The title gives no notice of any change in the share widows are entitled to in the estates of their deceased husbands, and is in violation of art. III, sec. 7, of the constitution, providing, "that no law shall be passed . . . . containing more than one subject, which shall be clearly expressed in a title:" Com. ex rel. v. Samuels, 163 Pa. 283; Borough of Mt. Joy v. Lancaster, etc., Turnpike Co., 182 Pa. 581; Union Passenger Railway Co.'s App., 81* Pa. 91; Dailey v. Potter County, 203 Pa. 593.

Such a construction would deprive the appellant of a vested right to have one-half of the property for life: Kennedy v. Nedrow, 1 Dallas, 415; Evans v. Webb, 1 Yeates, 424; McCullough v. Allen, 3 Yeates, 10; Bailey v. R. R. Co., 4 Harrington, 389.

The costs of the partition proceedings should be paid by the widow and devisee in proportion to their several interests: Dennison's App., 1 Pa. 201; Boyer's Est., 8 Pa. C. C. Rep. 423.

*A. M. Holding,* for appellee.—The act of June 1, 1907, limits every widow, who invokes its provisions, to the interest on but one-third of the proceeds of the real estate which she may·purchase: Gourley v. Kinley, 66 Pa. 270; Danhouse's Est., 130 Pa. 256.

Appellant's contention that the act is unconstitutional, because a special law within the prohibition of art. III, sec. 7 of the constitution, is not sustained: Lehigh Valley Coal Co.'s App., 164 Pa. 44; P. & R. Coal & Iron Co.'s Petition, 164 Pa. 248; Middletown Road, 15 Pa. Superior Ct. 167; Reading v. Savage, 124 Pa. 328.

Neither is the act unconstitutional because the title thereof is defective: Middletown Road, 15 Pa. Superior Ct. 167.

Where property is sold in proceedings in partition, as in this case, it has always been the practice in Chester county to deduct the costs of the proceedings from the selling price, and then ascertain the widow's share in the balance: Martin's Est., 1 Ches. Co. Rep. 512; Boyer's Est., 8 Pa. C. C. Rep. 423.

OPINION BY PORTER, J., April 19, 1909:

Taylor Scarlett died on February 25, 1907, without lineal descendants, and leaving a widow, the appellant, and one brother, William Scarlett, the appellee. He died seized of a tract of land for the partition of which proceedings were instituted in the orphans' court in March, 1908, and upon return of the rule upon the heirs to accept or refuse the land at the valuation thereof by the inquest, the widow availed herself of the right conferred by the Act of June 1, 1907, P. L. 364, and made an offer in writing for the land which proved to be the highest price bidden therefor above the valuation returned. The court below decreed the land to the widow at the price which she had bidden and at the same time decreed that the amount of the costs should be paid out of the purchase money; that two-thirds of the balance of the purchase money should be paid to the brother of the decedent, the appellee, and that the remaining one-third should be paid to a trustee appointed by the court, as authorized by the act of June 1, 1907, and that the trustee pay the interest on said sum to Ada Moore Scarlett, the widow, during her life, and at her death pay the principal thereof to William H. Scarlett, the brother of the decedent. The decedent had left a will which was duly probated on March 9, 1907, but the widow, the appellant, had on June 11, 1907, filed her election in writing to take against the will. The appellant contends that, as the decedent left no lineal descendants, the court below should have decreed that only one-half of the purchase money of the land be paid to the brother and that the interest on the other half be secured to the widow, the appellant, during her natural life. The appellant relies upon the act of June 1, 1907, to sustain her right to bid upon the property in the

partition proceeding, but asserts that under the provisions of that statute, or notwithstanding those provisions, she is entitled to the interest upon one-half of the purchase money during her life.

The question presented involves the consideration of the effect of the Act of June 1, 1907, P. L. 364, upon the rights of a widow who under the provisions of that statute competes in the bidding and becomes the purchaser of the real estate of her deceased husband under proceedings in partition. The act is entitled: "A supplement to an act, entitled: 'An Act for the greater security of title and more secure enjoyment of real estate,' approved the twenty-second day of April, one thousand eight hundred and fifty-six; so as to authorize a widow to accept real estate in partition, or compete in bidding therefor, and regulating and establishing a mode of payment therefor by the widow." That part of the statute which is material to the question here presented is in the following words: "Where the real estate, or any part thereof, shall be allotted to the widow as the highest bidder two-thirds of the purchase money thereof shall be paid to those entitled thereto, as provided by law; the remaining one-third of such purchase money shall be paid to a trustee or trustees, to be appointed by the court, which trustee or trustees shall give bond in double the amount of the money to be received, with sufficient sureties to be approved by the court; the trustee or trustees, as aforesaid, shall pay annually, in lieu of dower, the interest on said one-third of the purchase money, to the widow during her life, and, at her death, the said trustee or trustees shall pay the said purchase money to such as are entitled by law thereto." The statute thus expressly requires that all the purchase money shall be presently paid, two-thirds of it "to those entitled thereto, as provided by law," manifestly meaning the heirs; and the other third to the trustee appointed by the court, the interest on said third to be paid annually, "in lieu of dower," to the widow during her life. No provision is made, in case the widow becomes a purchaser for any part of the purchase money remaining a charge upon the land during her life. The appellant contends that the provision of the statute that the payment of the interest on one-third of

the purchase money to her during life shall be "in lieu of dower," must be confined to her right of dower at common law, and cannot be held to include the entire interest of the widow in the land conferred by the statutes of this state. The primary difficulty with this contention of the appellant is that if given effect it would entirely nullify this provision of the statute. The interest of a widow in the real estate of her deceased husband is not technically dower, but she takes that interest as a substitute for dower and, in the language of the statutes which give and define the interest, "in lieu of dower." If the statute is to be given the technical construction contended for by the appellant, the payment of interest on one-third of the purchase money is in lieu, only, of dower at common law and is not to be considered as a substitute for the statutory interest of the widow in the land of the deceased husband; as the widow does not have the technical estate of dower in the lands, she would, therefore, receive this payment of interest instead of a right which she did not possess. The argument carried to its logical conclusion would mean that she should receive this interest on one-third of the purchase money and, in addition, the interest on one-half of the purchase money. While the interest of a widow in the Pennsylvania land of which her husband died seized is not strictly and technically dower, it is an estate of freehold for life, in common parlance called dower, and we frequently find it in our judicial decisions called statutory dower. The manifest intention of the legislature was that this payment of interest on one-third of the purchase money to the widow was to be in lieu of her interest, as widow, in the land.

The contention of the appellant that this construction of the statute renders it unconstitutional, as being a special law changing the course of descent and succession, and granting to individuals special or exclusive privileges and immunities, is without foundation. The title of the act contained express notice that the substance of the statute regulated and established a mode of payment for the land by the widow, when she became a purchaser; and a mode of payment necessarily implies provisions as to when, how and to whom the money shall be paid. The act is general, it applies to all proceedings in partition and

confers a right upon all widows, to be in all cases exercised in the same manner and upon the same conditions. It impairs no right which a widow had in the lands of her deceased husband under pre-existing laws. None of its provisions impose any duty or obligation upon a widow, unless she voluntarily avails herself of the benefit of the statute. If she does not wish to become a purchaser under the provisions of this statute, she may let the proceeding take its course and insist upon all the benefits conferred upon her by pre-existing laws. This act gave her a new right to acquire a new title; she may assert it or not, as she elects. She must take it, if she elects to take it, on the terms provided.

The suggestion of the learned counsel for the appellant that: "The draughtsman of this act seems to have had in mind, only, the class of widows who are entitled to one-third of the real estate of the deceased husband, for life," and that the statute does not fit this case may, or may not, be well founded; but the language of the act is free from ambiguity and we must take it as we find it. The legislature may have been persuaded that, when they conferred upon the widow the power to divest the title of the heir, the right and interest of a widow who exercised this power should be definitely fixed and all widows, in the exercise of the power, placed upon the same footing.

The court below directed the costs of the proceeding to be first paid out of the purchase money. The effect of this was to deduct two-thirds of the costs from the amount presently payable to the appellee. The other third of the costs was taken out of the fund to be paid to the trustee, the result of which was to diminish proportionately the amount of interest which the widow would annually receive and, also, the amount which at the death of the widow will be payable to the appellee. This required the parties to bear the burden of the costs in exact proportion to their several interests in the fund and was an exact compliance with the provisions of the Act of April 27, 1864, P. L. 641.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.